IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| DAVID LYNN TAFT, JR., RYAN PAUL PETERSON, AND EDDIE RISDAL,<br><br>    Plaintiffs,<br><br>vs.<br><br>TRACY THOMAS, JASON SMITH, MIKE RYAN, BRAD WITTROCK, BILL TURNER, STEVE TJADEN, MATT ROYSTER, MIKE LOESCHER, SEAN MORRIS, AND BOB STOUT.<br><br>    Defendants. | **No. 12-CV-4036-DEO**<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION AND BACKGROUND

This matter is currently before the Court on Plaintiffs' Motions for Leave to Proceed in Forma Pauperis, Motions for Appointment of Counsel, and 42 U.S.C. Section 1983 Complaints. Docket Nos. 1, 1-1, 2, 3, and 4. Plaintiffs are involuntarily committed patients at the Civil Commitment Unit for Sex Offenders (CCUSO) in Cherokee Iowa.[1] Defendants are

---

[1] CCUSO is not a prison facility; it "provides a secure, long term, and highly structured environment for the treatment of sexually violent predators." Iowa Department of Human Services Offer #410-HHS-014: CCUSO, 1 http://www.dhs.state.ia.us/docs/11w-401-HHS-014-CCUSO.pdf, last visited May 16, 2012. The patients at CCUSO "have served their prison terms but in a separate civil trial have been found likely to commit further violent sexual offenses." Id.

administrators and staff at CCUSO.  Plaintiffs are repeat filers. Within their Complaints, Plaintiffs allege two causes of action: (1) if they refuse to sign a Consent to Treatment Contract, they will be denied treatment in violation of federal law, and (2) copyright infringement.  Docket No. 1-1.

**II.  IN FORMA PAUPERIS**

The filing fee for a 42 U.S.C. § 1983 petition is $350. 28 U.S.C. § 1914(a).  In forma pauperis status allows a plaintiff to proceed without incurring filing fees or other Court costs.[2]  In order to qualify for in forma pauperis status, a plaintiff must provide this Court an affidavit[3] with the following statements:  (1) statement of the nature of the action, (2) statement that plaintiff is entitled to redress, (3) statement of the assets plaintiff possesses, and (4) statement that plaintiff is unable to pay filing fees and court costs or give security therefor.   28 U.S.C. §

---

[2] Under the Prison Litigation Reform Act, a prisoner who qualifies for in forma pauperis status must still pay the full filing fee in increments. 28 U.S.C. § 1915(b). A prisoner is defined as "any person incarcerated or detained in any facility" for "violations of criminal law . . . ." 28 U.S.C. § 1915(h).  CCUSO is not a prison facility and Plaintiff is not a prisoner, thus, 28 U.S.C. § 1915(b) does not apply.

[3] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

1915(a)(1).  Plaintiffs' applications substantially meet the above requirements.  **Therefore, Plaintiffs' Motions to Proceed in Forma Pauperis (Docket Nos. 1, 2, and 3) are granted.  The Clerk of Court shall file Plaintiffs' Complaints forthwith.  No filing fee will be assessed.**

III. **THE MERITS OF PLAINTIFFS' CLAIMS**

Once any portion of a filing fee is waived, a court must dismiss the case if a plaintiff's allegations of poverty prove untrue or the action in question turns out to be frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In relation to failure to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  If, on the face of the complaint, it is clear that relief cannot be granted, dismissal is appropriate.

Article III, Section II of the United States Constitution limits judicial power to the hearing of "'cases'" and "'controversies.'" <u>Aetna Life Ins. Co. Of Hartford, Conn. v. Haworth</u>, 300 U.S. 227, 240 (1937) (citation omitted).  In order to qualify as a case or controversy, a plaintiff must

have standing. Horne v. Flores, 129 S. Ct. 2579, 2592 (2009) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). In order to have standing, a plaintiff "must have suffered an 'injury in fact . . . .'" Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted). An injury in fact is "an invasion of a legally protected interest which is . . . concrete and particularized, and . . . 'actual or imminent,'" rather than "'conjectural' or 'hypothetical.'" Id. (citations omitted). In addition, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. (citations omitted).[4]

### A. The Consent to Treatment Contract

Plaintiffs note that, "**if** [they] refuse to sign" a Consent to Treatment Contract, they would be unconstitutionally deprived of certain aspects of their treatment. Docket No. 1-1, 3 (emphasis added). However, Plaintiff's neither allege that they did, in fact, refuse to

---

[4] Though not a factor in this case, standing also requires "a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).

sign the Consent to Treatment Contract, nor that they are actually being deprived of treatment. Because Plaintiffs' Complaints clearly imply they signed the Consent to Treatment Contracts, they fail to allege a concrete, particularized, actual, or imminent injury. Furthermore, it is unclear how a lawful decision from this Court could redress such a hypothetical injury. **Therefore, Plaintiffs' Consent to Treatment Contract cause of action is hereby dismissed without prejudice to refiling.**

**B. Copyright Infringement**

"[C]opyright law generally limits standing to seek a civil remedy for copyright infringement to the owner of the copyright or to a person who holds an *exclusive* license . . . ." U.S. v. Chalupnik, 514 F.3d 748, 753 (8th Cir. 2008). In this case, Plaintiffs neither allege that they are the owners of any copyright at issue, nor that they have an exclusive license to the copyrighted material. In fact, they allege no injury and actually admit they are given photo copied chapters of books upon request, which is an actual benefit to them. **Therefore, Plaintiff's copyright infringement cause of action is hereby dismissed without prejudice.**

**IV. CONCLUSION**

It is apparent on the face of Plaintiffs' Complaints that they lack standing as to both of their causes of action. Without standing, this Court, under the basic and central principles of Separation of Powers between co-equal branches and a Federal Government of enumerated powers, lacks the authority to hear their Complaints. **Therefore, Plaintiffs' Complaints are dismissed without prejudice to refiling. Plaintiffs' Motion to Appoint Counsel (Docket No. 4) is denied as moot.**

**IT IS SO ORDERED** this 17th day of May, 2012.

*Donald E. O'Brien*
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa